IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID A. HUBBELL,

vs.                                                      3:09cv27/MCR/MD

LES BOIS DE TERTU SAS

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to dismiss filed by defendant Les Bois de Tertu SAS (doc. 5) and the plaintiff's response thereto. (Doc. 8).

Background

The pro se plaintiff David Hubbell brought this action for declaratory judgment, a cease and desist order, and damages against Les Bois de Tertu, SAS ("SAS") in this court on January 21, 2009. (Doc. 1). In the complaint, plaintiff challenges whether SAS "may bring suit on federal issues against a resident of Florida in a foreign jurisdiction," namely New York. (Doc. 1 at ¶ 2). Plaintiff attempts to raise jurisdictional or forum non conveniens challenges with respect to the case brought against him by the defendant here in a state court in New York. (¶ 6). He also claims that he has never been served in that case. (¶10). Plaintiff states that he provided counsel for the defendant herein with proof of his Florida residency, but that counsel for SAS nonetheless insists on prosecuting the action in question in Franklin County, New York. (¶¶ 14-18). In Count 1 of the complaint, plaintiff seeks a declaratory judgment requiring SAS to pursue legal action against him in Florida rather than New York. In Count II, plaintiff seeks a permanent injunction protecting him from legal actions taken against him by SAS in foreign jurisdictions. In Count III, plaintiff seeks money damages, claiming that SAS has injured and continues to injure his livelihood by bringing suit against him in a jurisdiction 1600 miles from his residence. Plaintiff does

not allege in his complaint that he has attempted to challenge jurisdiction, venue, or service of process in the New York court in which the case against him is pending.

Defendant SAS now moves to dismiss the complaint for insufficient service of process, lack of jurisdiction over the defendant, lack of jurisdiction over the subject matter and improper venue.  It also contends that this case must be dismissed or stayed pending the outcome of the case in New York.  Because the latter issue is case dispositive, the court does not reach the defendant's other arguments in favor of dismissal.

Dismissal or Stay

Defendant contends that this case should be dismissed or stayed due to the pending New York litigation.  Defendant notes that the New York case was filed in August of 2008, before plaintiff filed the case at bar.  (Doc. 5, Weiss Aff. exh. 2).  That case involves claims for breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, misappropriation of trade secrets, tortious interference with prospective economic advantage, and unjust enrichment, with a request for injunctive relief.  *Id.*  Defendant has submitted affidavits stating that plaintiff has already filed an answer and was served with interrogatories and document requests in the New York case. (Doc. 5, Weiss Aff. ¶ 10; Bachman Aff. ¶¶ 5,6).  In support of its position that the case at bar should be stayed or dismissed, defendant relies on the *Colorado River* abstention doctrine. This doctrine permits a federal court to abstain from exercising concurrent jurisdiction with a state court under certain exceptional circumstances.  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 4, 103 S.Ct. 927, 931, 74 L.Ed.2d 765 (1983); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-21, 96 S.Ct. 1236, 1246-48, 47 L.Ed.2d 483 (1976); *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1166 (11th Cir. 2007).[1]  The principles of this doctrine "rest on considerations of

---

[1]Inexplicably, in support of its motion, defendant has cited only federal district court cases, many of which are unpublished and many of which are from other districts.  Such cases are not binding on this court.  The general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions. *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004). (citing18-134 MOORE'S FEDERAL PRACTICE--CIVIL § 134.02 (Matthew Bender & Co., Inc. 2003)). A circuit court's decision binds the district courts sitting within its jurisdiction while a decision by the

'[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'." *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952)). With respect to the *Colorado River* doctrine, among the factors a district court should consider in determining whether such exceptional circumstances warranting abstention exist are:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

*Moorer v. Demopolis Waterworks and Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004) (citations omitted); *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004). No one factor is necessarily determinative, and the weight to be given the factors may vary greatly from case to case. *Ambrosia Coal*, 368 F.3d at 1332 (citing *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1247; *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937). The *Colorado River* doctrine applies when the cases involve "substantially the same parties and substantially the same issues." *Ambrosia Coal*, 368 F.3d at 1330. Application of the doctrine in this case leaves the issue of abstention almost in balance. There is no property involved in this action. The plaintiff asserts that the New York forum is inconvenient for him, and even inappropriate as it is his son, rather than he who resides there.[2] SAS contends, conversely, that Florida is an inappropriate forum. Third, the New York action was brought approximately five months before plaintiff filed this case, but apparently has not progressed past the point of plaintiff filing an answer and receiving discovery. Although the two cases involve substantially the same parties, the issues as framed are not identical. Still, the potential for piecemeal litigation and conflicting results is very real. And, a ruling that plaintiff was not subject to suit in New York could render all

---

Supreme Court binds all circuit and district courts. *Id.*

[2]Again, a challenge to the propriety of the state court forum must be brought in that court.

*Case No: 3:09cv27/MCR/MD*

or part of this case moot.  Fifth, plaintiff brings his claim based on diversity jurisdiction, and hence federal law does not supply the rule of decision.  Finally, there has been no showing that the state court is unable to protect Hubbell's rights in the case pending before it.

The *Younger* abstention doctrine is also relevant.  *Younger* provides that federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm.  *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see also*, *Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *Luckey v. Miller,* 976 F.2d 673 (11th Cir. 1992).  "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved."  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See *id*.  Although the *Younger* abstention doctrine generally applies in cases involving criminal prosecution or the criminal justice system, it can also apply to pending civil proceedings that are akin to a criminal prosecution, as well as in a strictly civil context.  *Wexler v. Lepore,* 385 F.3d 1336, 1339 (11th Cir. 2004) (citing *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 1209, 43 L.Ed.2d 482 (1975); *Middlesex*, 102 S.Ct. at 2518; *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 107 S.Ct. 1519, 1526, 95 L.Ed.2d 1 (1987)).  The abstention doctrine "is not triggered unless the federal injunction would create an 'undue interference with state proceedings.'"  *Wexler*, 385 F.3d at 1339, (quoting *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans,* 491 U.S. 350, 109 S.Ct. 2506, 2513, 105 L.Ed.2d 298 (1989) ("*NOPSI*") (citing *Younger*, 91 S.Ct. at 751)).

In this case, plaintiff Hubbell seeks a declaratory judgment that defendant be required to pursue any legal action against him in Hubbell's home state of Florida.  Granting such an injunction would clearly and directly interfere with the pending state proceedings, in which, as noted above, it is not clear that plaintiff has made any attempt to challenge jurisdiction or venue.   It is not the role of this court to serve as a "grand

overseer" of state courts and their administration of justice. *Wexler*, 385 F.3d at 1339. The New York court should be allowed to decide whether the pending case is properly before it, upon appropriate motion of the parties. If the New York court retains jurisdiction over its case and allows the proceedings to continue against Hubbell, this court's consideration of the issue would inappropriately "disregard the comity between the States and the National Government." *Wexler,* 385 F.3d at 1339 (citing *Pennzoil Co.,* 107 S.Ct. at 1526).

Based on the foregoing, the court finds that in the interest of justice and comity, it should abstain from exercising jurisdiction over this case in light of the pending New York action.

As a final matter, the court notes that the parties have each filed a report of parties' planning meeting. (Doc. 13 & 14). The court's ruling on the motion to dismiss renders further action on these reports or with respect to a final scheduling order unnecessary at this time. If the recommendation is not adopted, the court will re-visit the issue of scheduling at that time.

Based on the foregoing, it is respectfully RECOMMENDED:

The defendant's motion to dismiss (doc. 5) be GRANTED and this case be dismissed without prejudice.

At Pensacola, Florida, this 24th day of March, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).