**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DAVID A. HUBBELL,**
        **Plaintiff,**

vs.                                                              3:09cv27/MCR/MD

**LES BOIS DE TERTU SAS,**
        **Defendant.**
                                                    /

**O R D E R**

Before the court is the magistrate judge's report and recommendation dated March 24, 2009 (doc. 15), to which *pro se* Plaintiff David Hubbell ("Hubbell") has filed objections (doc. 17). The court has conducted a *de novo* review of the record and Hubbell's objections. *See* 28 U.S.C. § 636(b)(1). Having considered the report and recommendation and all objections, the court adopts and incorporates by reference in this order the Background section of the magistrate judge's report. The court declines, however, to adopt the magistrate judge's recommendation that the motion to dismiss filed by Defendant Les Bois de Tertu SAS ("Tertu") be granted based on the abstention doctrine of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). As explained below, the court nevertheless grants the motion to dismiss, but on the ground Hubbell lacks standing under Article III of the United States Constitution to bring this action.

A federal court has a duty to examine its jurisdiction and to dismiss an action where jurisdiction is lacking. *See Barnett v. Bailey*, 956 F.2d 1036, 1039 (11th Cir. 1992); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). This court's jurisdiction to consider Hubbell's claims, which allegedly are brought on the basis of diversity of citizenship, is limited by the "cases" and "controversies" requirement of Article III. U.S. Const., Art. III.

"There can be no diversity jurisdiction in the absence of an Article III case or controversy." *FMC Corp. v. Boesky*, 852 F.2d 981, 992, n. 23 (7th Cir. 1988) (stating that litigant must satisfy both Article III's case or controversy requirements and the statutory requirements for diversity jurisdiction in order to bring a diversity action in federal court). Article III's case or controversy limitation includes the doctrine of standing, *see Granite State Outdoor Advertising, Inc. v. City of Clearwater*, 351 F.3d 1112, 1116 (11th Cir. 2003) (citations omitted), which requires a showing of injury-in-fact, causation, and redressability.[1] *See Northeastern Florida Contractors v. Jacksonville*, 508 U.S. 656, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993). The party invoking federal jurisdiction bears the burden of proving constitutional standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

In this case, Hubbell's allegations are insufficient to show an "injury-in-fact," which means an injury that is "concrete and particularized, and actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. All three counts of Hubbell's complaint in essence implicate the same legal claim: Tertu can only sue Hubbell in Florida because New York is an inconvenient forum for Hubbell.[2] This allegation of *forum non conveniens,* however, does not present an injury that is judicially cognizable by this court. In order to demonstrate an "injury in fact" in this matter, Hubbell must—but has failed to—allege Tertu has infringed on Hubbell's legally protected right to be sued only in Florida. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 980 (11th Cir. 2005) (stating that "[n]o legally cognizable injury arises unless an interest is protected by statute or otherwise.") (citation omitted); *see also In re Miles*, 330 B.R. 861, 864 (M.D. Ga. 2005) (concluding that a non-resident debtor did not suffer an "injury in fact" in the absence of showing an out-of-state court would administer the law differently)*.*

Additionally, Hubbell cannot satisfy the redressibility requirement of constitutional

---

[1] Certain prudential considerations are also implicated in the doctrine, none of which need be addressed here.

[2] Hubbell alleges in Count One that Tertu may not pursue a suit against him in New York but rather must litigate the parties' dispute here; in Count Two Hubbell alleges he will suffer future harm if Tertu sues him again outside Florida; and in Count Three Hubbell demands damages for injuries to his livelihood.

Case No: 3:08cv154/MCR/MD

standing because no statute or case law authorizes this court to transfer Tertu's suit to Florida or to require Tertu to choose a Florida court in any future suit.  The plain language of the federal venue statute only authorizes a district court in the district where the complaint was filed to transfer a case for improper venue.  28 U.S.C. § 1406(a) (stating that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or . . . transfer such case to any district or division in which it could have been brought.").  Nor can this court order the New York court to dismiss Tertu's suit because New York is an inconvenient forum for Hubbell.  Only the trial court where the case is pending can decline to exercise jurisdiction and dismiss a case on *forum non conveniens* grounds.  *See Sibaja v. Dow Chemical Co.*, 757 F.2d 1215, 1218 (11th Cir. 1985).

       Accordingly, it is ORDERED:

       1.    The Background section of the magistrate judge's report and recommendation is adopted and incorporated by reference in this order but the remainder of the report is not adopted.

       2.    The defendant's motion to dismiss (doc. 5) is GRANTED and this case is dismissed without prejudice.

**DONE AND ORDERED this 19th day of May, 2009.**

                                       s/ *M. Casey Rodgers*
                                   **M. CASEY RODGERS**
                                   **UNITED STATES DISTRICT JUDGE**